UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal No. 1:15-cr-42 |
| v. | ) |
| | ) 18 U.S.C. § 2251(a) and (e) |
| ANTHONY R. EVANS, | ) Conspiracy to Produce Child Pornography |
| WILLIAM J. MORGAN, | ) (Count 1) |
| MILTON SMITH, Jr., | ) |
| JAMES E. HANCOCK, | ) 18 U.S.C. § 2252(a)(2) and (b)(1) |
| CHRISTOPHER McNEVIN, | ) Conspiracy to Distribute and Receive Child |
| BRIAN K. HENDRICKS, and | ) Pornography |
| CARL ZWENGEL, | ) (Count 2) |
| | ) |
| Defendants. | ) 18 U.S.C. § 2253 |
| | ) Criminal Forfeiture |
| | ) |

SUPERSEDING INDICTMENT

March 2015 Term -- at Alexandria, Virginia

COUNT ONE

(Conspiracy to Produce Child Pornography)

THE GRAND JURY CHARGES THAT:

1. From on or about January 1, 2013, to on or about March 12, 2015, within the Eastern District of Virginia and elsewhere, the defendants, ANTHONY R. EVANS, WILLIAM J. MORGAN, MILTON SMITH, JAMES E. HANCOCK, CHRISTOPHER McNEVIN, BRIAN K. HENDRICKS, and CARL ZWENGEL, knowingly and willfully conspired and agreed with each other and other members of WEBSITE A and WEBSITE B, to knowingly employ, use, persuade,

1

induce, entice, and coerce minors to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, and the defendants knew or, had reason to know, that such visual depictions would be transported or transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and that such visual depictions were produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and such visual depictions had actually been transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

## Object of the Conspiracy

2. The object of the conspiracy was to employ, use, persuade, induce, entice, and coerce minors to engage in sexually explicit conduct for the purpose of producing videos of such conduct. Specifically, the object of the conspiracy was to lure children to two websites that were controlled and monitored by the members of the conspiracy and to trick the children into engaging in sexually explicit conduct on web camera while secretly recording the children.

## Manner and Means of the Conspiracy

3. During 2013 and 2014, defendant ANTHONY R. EVANS, working with others known and unknown to the grand jury, created and maintained two websites, WEBSITE A and WEBSITE B, which operated in a similar manner. Both websites had a public portion that allowed for individuals to communicate through text chats and web cameras. Both websites also had a restricted portion that allowed for members of the website to communicate in a private chat room. EVANS and others known and unknown to the grand jury determined who was allowed to be a member of the websites. Members of the websites were given a username and password to access the restricted portions of the websites.

4. During 2013 and 2014, defendants ANTHONY R. EVANS, WILLIAM J. MORGAN, MILTON SMITH, JAMES E. HANCOCK, CHRISTOPHER McNEVIN, BRIAN R. HENDRICKS, and CARL ZWENGEL were members of the websites with access to the restricted portions of the websites.

5. The members of the websites planned to lure children from other public social media websites, such as YouTube, Chateen, and YouNow to WEBSITE A and WEBSITE B. To do this, some members of the websites created false profiles on the public social media websites, pretending to be young teenage girls. Using the false profiles, the members of the websites chatted with children on the public social media websites, targeting children between 8 and 14 years of age. Once the members of the website began chatting with an actual child, they directed the child to either WEBSITE A or WEBSITE B to engage in further chats. The members of the websites referred to this as "linking."

6. Once an actual child was on either WEBSITE A or WEBSITE B, members of the websites directed the child into a private room to continue chatting. Once on the websites, the actual child used a web camera to video chat. The members of the websites continued to pretend that they were young teenage girls. In addition to text chatting with the targeted child, the members of the website played pre-recorded videos, which they referred to as "loops." The loops depicted young teenage girls chatting on web cameras. The young teenage girls depicted in the loops often took off their clothes and engaged in sexually explicit conduct. Using the loops and text chatting, the members of the websites maintained the illusion that they were young teenage girls, and they induced, persuaded, and coerced the actual children to engage in sexually explicit conduct while on web camera. The websites were designed to secretly record the actual children when they engaged in sexually explicit conduct.

7.   In order to accomplish their goals, the members of the websites communicated with each other through Skype and TOR, as well as through the restricted chat room on the websites. During these chats, the members of the websites discussed how to target and coerce the children into engaging in sexually explicit conduct on web camera, how to play loops, linking, downloading child pornography, and which members were contributing to the conspiracy. In addition, they informed each other when they were able to successfully trick a child into engaging in sexually explicit conduct on web camera on either WEBSITE A or WEBSITE B, which they referred to as a "win."

(In violation of Title 18, United States Code, Section 2251(a) & (e).)

## COUNT TWO

(Conspiracy to Distribute and Receive Child Pornography)

THE GRAND JURY CHARGES THAT:

8. From on or about January 1, 2013, to on or about March 12, 2015, within the Eastern District of Virginia and elsewhere, defendants ANTHONY R. EVANS, WILLIAM J. MORGAN, MILTON SMITH, JAMES E. HANCOCK, CHRISTOPHER McNEVIN, BRIAN K. HENDRICKS, and CARL ZWENGEL, knowingly and willfully conspired and agreed with each other and other members of WEBSITE A and WEBSITE B, to distribute and receive a visual depiction using a means and facility of interstate and foreign commerce and that had been shipped or transported in and affecting interstate or foreign commerce, and which contained materials that have been so mailed, shipped and transported, by any means including by computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, and such visual depiction was of such conduct and the defendants knew that the depiction involved a minor engaged in sexually explicit conduct.

9. The factual allegations contained in Paragraphs 1 through 7 are realleged and incorporated by reference here.

### Object of the Conspiracy

10. The object of the conspiracy was to distribute and receive videos of minors engaged in sexually explicit conduct to other members of the conspiracy. Specifically, the object of the conspiracy was to distribute and receive the secretly recorded child pornography videos created on WEBSITE A and WEBSITE B to the members of the conspiracy who were contributing the most to the two websites.

5

## Manner and Means of the Conspiracy

11. On the restricted portion of the websites, the members of WEBSITE A and WEBSITE B maintained a ranking of each member of the websites based on the amount each member contributed to sexually exploiting children on each website. The members of the websites used an algorithm which assigned points for linking children to the websites, chatting with children on the websites, and showing loops to the children on the websites, among other data points. Members of the websites who were among the top 14 contributors according to the algorithm were given permission to download the child pornography videos created on WEBSITE A and WEBSITE B.

12. Defendants EVANS, MORGAN, SMITH, HANCOCK, McNEVIN, HENDRICKS, and ZWENGEL each downloaded child pornography videos created on either WEBSITE A or WEBSITE B to their personal computer media.

(In violation of Title 18, United States Code, Sections 2252(a)(2) and (b)(1).)

## CRIMINAL FORFEITURE

Pursuant to Federal Rule of Criminal Procedure 32.2, the defendants, ANTHONY R. EVANS, WILLIAM J. MORGAN, MILTON SMITH, JAMES E. HANCOCK, CHRISTOPHER McNEVIN, BRIAN K. HENDRICKS, and CARL ZWENGEL are hereby notified:

A. Upon conviction of one or more of the violations alleged in Counts One and Two of this Indictment, the Defendant shall forfeit to the United States:

1. Any and all matter which contains child pornography or any visual depiction described in Title 18, United States Code, Sections 2251 or 2252, produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Section 2251 *et seq.*;

2. Any property, real and personal, constituting, derived from, or traceable to gross profits or other proceeds obtained from the violations of Title 18, United States Code, Section 2251 *et seq.*;

3. Any property, real and personal, used or intended to be used in any manner or part to commit or to promote the commission of violations of Title 18, United States Code, Section 2251 *et seq.*, and any property traceable to such property.

B. The property subject to forfeiture includes, but is not limited to, the following items seized from the defendants:

1. The computer media seized from Anthony R. Evans on March 11, 2015
2. The computer media seized from William J. Morgan on January 22, 2015
3. The computer media seized from Milton Smith on December 10, 2014
4. The computer media seized from James E. Hancock on January 22, 2015
5. The computer media seized from Christopher McNevin on March 12, 2015
6. The computer media seized from Brian K. Hendricks on January 22, 2015

7. The computer media seized from Carl Zwengel on January 22, 2015

C. If property subject to forfeiture is not available, the government may seek an order forfeiting substitute assets.

(In accordance with Title 18, United States Code, Sections 2253 and 981(a)(1)(C); Title 28, United States Code, Section 2461(c); and Title 21, United States Code, Section 853(p).)

A TRUE BILL:

*Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office.*

_____
FOREPERSON

DANA J. BOENTE
UNITED STATES ATTORNEY

By: *[signature]*
_____
Alexander T.H. Nguyen
Matthew J. Gardner
Assistant United States Attorneys
Lauren Britsch
Special Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Ave.
Alexandria, VA 22314

Ravi Sinha, Trial Attorney
United States Department of Justice, Child Exploitation and Obscenity Section